IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN A WICKS and<br>CAROLINE WICKS<br>　　　　Plaintiffs<br>　　v.<br>LYCOMING COUNTY,<br>JUDGE KENNETH D. BROWN<br>JUDGE DUDLEY N. ANDERSON,<br>WILLIAM BURD,<br>KEVIN WAY<br>　　　　Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: CIVIL ACTION NO. 1:09-CV-1084<br>(Judge Conner) |

## **MEMORANDUM**

This civil rights case stems from allegations of plaintiffs, Steven A. Wicks and Caroline Wicks (the "Wicks"), that numerous officials, judicial officers and employees of Lycoming County, Pennsylvania conspired and retaliated against them for exposing public corruption within the county. Specifically, the Wicks claim First Amendment retaliation in the form of being denied access to the courts, and deprivation of their Fourteenth Amendment rights to equal protection when officials lost their case files. Presently before the court is a motion to dismiss all claims. (docs. 10 & 13) For the reasons that follow, the motion will be granted.

I.   **Statement of Facts**

Even under a generous reading, the complaint is largely devoid of factual allegations. Instead, it consists of conclusory statements and bald assertions. However, we glean from the four corners of the complaint that the Wicks were involved in several lawsuits in Lycoming County. At some point, the plaintiffs voiced concern over purportedly rampant public corruption. As a consequence of their endeavors to "expose" this corruption, members of the Lycoming County judiciary, various public officials and employees allegedly engaged in a conspiracy to prevent plaintiffs from gaining access to the courts. Complaint ¶ 25. The alleged result of this conspiracy was destruction of the Wicks's case files. The complaint does not allege when these actions occurred, where the events took place or who lost the case files, but it does allege that the plaintiffs became aware of these facts on June 27, 2007.

The Wicks commenced this action on June 6, 2009. Defendants William Burd and Lycoming County filed motions to dismiss on August 12, 2009. The remaining defendants filed motions to dismiss on August 18, 2009. Lycoming County argues that the plaintiffs failed to plead a policy or custom of the county resulted in the Wicks' injuries. Defendant Burd argues that the complaint lacks factual allegations indicating he violated the plaintiffs' constitutional rights. Finally, defendants Brown, Anderson and Way argue that absolute and quasi-

judicial immunity protect them from liability. The parties have fully briefed these issues, which are now ripe for disposition

## II. **Standard of Review**

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d. 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955 at 1974. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, - - - U.S. - - - -, 129 S.Ct. 1937, 1949 (2009)(quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965.) "[L]abels and conclusions" are not enough, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.*, 127 S.Ct. at 1965 (quoted case omitted). Thus, "a

3

judicial conspiracy claim must include at least a discernible factual basis to survive a Rule 12(b)(6) dismissal." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009)(per curiam)

In resolving the motion to dismiss, we thus "conduct a two-part analysis." *Fowler*, *supra*, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. *Id*. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" *Id*. at 211 (quoted case omitted).

### III. <u>Discussion</u>

The Wicks bring their constitutional claims exclusively under 42 U.S.C. § 1983, a provision of the United States Code that offers private citizens a means to redress violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

*Id.* Section 1983 is not a source of substantive rights, but instead provides a remedy for violations of federal rights. *Baker v. McCollan*, 443 U.S. 137, 145 n.3, 99 S.Ct. 2689 (1979). To establish a claim under this section, the plaintiff must

4

show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996) (quoting *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995)). Thus, the initial step in evaluating a contention raised pursuant to § 1983 is "to identify the exact contours of the underlying right said to have been violated and to determine whether the plaintiff has alleged a deprivation of a constitutional right at all." *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (quoting *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000)).

In order to show First Amendment retaliation, a plaintiff must prove: "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006); *See also Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 282 (3d Cir. 2004). Additionally, a party who alleges a violation of its right to access the courts must show an actual injury. *Lewis v. Casey*, 518 U.S. 343, 350, 116 S.Ct. 2174 (1996)(discussing access to the courts in prisoner litigation). Actual injury can be shown by the "loss or rejection of a legal claim." *Oliver v. Fauver*, 118 F.3d 175, 177 (3d Cir. 1997); *see also Jacobs v. Beard*, 172 F.App'x 452, 456 (3d Cir. 2006)(nonprecedential)("The underlying lost or rejected legal claim must be

specifically identified and meritorious")(citing *Christopher v. Harbury*, 536 U.S. 403, 414, 122 S.Ct. 2179 (2002)).

## A. <u>Judicial and Quasi-Judicial Immunity</u>

The Wicks name President Judge Kenneth D. Brown, Judge Dudley N. Anderson, of the Court of Common Pleas of Lycoming County, and Kevin H. Ways, the Court Administrator, as defendants. The plaintiffs allege that the defendants conspired to deny them access to the courts by destroying or losing their case files. The defendants moved to dismiss on the basis of judicial and quasi-judicial immunity.

It is well settled that judges are immune from suit under § 1983 for damages arising from their judicial acts. *Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 768 (3d Cir. 2000); *Capogrosso,* 588 F.3d at 184 (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)("A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts."). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Gallas*, 211 F.3d at 769 (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. 1099 (1978)). Furthermore, immunity will not be lost simply because a judicial action is "unfair or controversial." *Gallas*, 211 F.3d at 769.

Similarly, quasi-judicial immunity applies to individuals who perform functions that are an integral part of the judicial process. *Stout v. Naus,* No. 09-380, 2009 WL 1794989, at *3 (M.D. Pa. June 23, 2009)(citing *Marcedes v. Barrett*, 453 F.2d 391 (3d Cir. 1971). The doctrine has been applied to court personnel to prevent "the danger that disappointed litigants...will vent their wrath on clerks, court reporters, and other judicial adjuncts." *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992); *see also Ball v. Hartman*, No. 09-0844, 2010 WL 146319, at *6 (M.D. Pa. Jan. 11, 2010)(Kane, J.)(quoting *Kincaid* for same proposition).

In the instant case, defendants Brown and Anderson are shielded from liability by judicial immunity. The complaint is devoid of any facts indicating a judicial conspiracy. Even liberally construed, the complaint fails to causally connect the loss of the plaintiffs' case files to deliberate acts of the defendants. Moreover, assuming *arguendo* the deliberate destruction of plaintiffs' files, the complaint fails to plead that the judicial defendants were acting outside of their judicial capacities and fails to articulate how the destruction of case files constitutes denial of access to the courts. Furthermore, since plaintiffs fail to allege which, if any, of their legal claims were lost or rejected because of the purported loss of case files, they cannot show they have suffered an actual injury. Likewise, Way, acting as an extension of the court in exercising his responsibilities, is protected from suit by the doctrine of quasi-judicial immunity. Accordingly, the court will grant defendants Brown, Anderson and Way's

7

motions to dismiss, but will grant the plaintiff leave to file an amended complaint in order to plead facts, if any, showing that they were acting outside of their respective judicial and administrative functions and articulating the precise manner in which the purported destruction of case files constitutes denial of access to the courts.

**B.      Defendant William Burd**

Burd moves to dismiss because the complaint lacks factual allegations indicating that he violated the plaintiffs' rights.  Indeed, the conclusory allegations against Burd are that he is the Prothonotary of Lycoming County, is responsible for maintaining court filings and retaliated against the Wicks. Complaint ¶¶ 24-25.  These allegations simply are insufficient to show retaliation or a violation of the plaintiffs' Equal Protection rights.  As noted above, plaintiffs must allege an actual injury to sufficiently plead denial of access to the courts. *See Lewis*, 518 U.S. at 350.  As previously noted, the Wicks fail to plead an actual injury because they do not allege which of their cases has been lost or rejected due to the alleged conduct of Mr. Burd.  Furthermore, a defendant in a § 1983 action "must have *personal involvement* in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1208 (3d Cir. 1988)(emphasis added).  Personal involvement can be shown "through allegations of personal direction or of actual knowledge and acquiescence." *Id.*  While plaintiffs allege that Mr. Burd retaliated against them, this conclusory statement is insufficient to show the

personal involvement of the defendant. Moreover, in order to maintain an equal protection claim, plaintiffs must show "they received different treatment from other similarly situated individuals or groups. *Brown v. Borough of Mahaffey*, 35 F.3d 846, 850 (3d Cir. 1994). As we read it, the complaint lacks any factual averments showing a prima facie violation of the Equal Protection clause. We will, therefore, grant Defendant Burd's motion to dismiss, but will grant the plaintiff leave to file an amended complaint that sets forth facts sufficient to plead a valid claim for relief.

### C. Municipal Liability

A municipality may be subject to liability under 42 U.S.C. § 1983 if the plaintiff's injury was caused by a municipal "policy" or "custom." *See McTernan v. City of York*, 564 F.3d 636, 657 (3d Cir. 2009)(citing *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 98 S.Ct. 2018 (1978)). In *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480, the Third Circuit provided that a policy or custom can be established in two ways. First, a "policy" is made when a "'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict." *Id.* (quoting *Pembaur v. City of Cincinnati,* 475 U.S. 469, 481, 106 S.Ct. 1292, 1299 (1986)). Second, a course of conduct is considered "custom" when "'such practices of state officials [are] so permanent and well settled' as to virtually constitute law." *Id.* (quoting *Monell*, 436 U.S. at 690).

As an initial matter, the Wicks fail to allege that their injuries were a result of a "policy" or "custom" of Lycoming County. The Wicks must identify a policy or custom, and delineate "what exactly that custom or policy was." *McTernan*, 564 F.3d at 659. Instead, the plaintiffs rely on the allegations that they suffered "retaliation at the hands of the defendants who were armed with the badge of statute authority" because they exposed "pervasive public corruption" in Lycoming County. Complaint ¶¶ 15, 25. These allegations lack specificity and are woefully insufficient to establish a prima facie case of municipal liability.

The complaint also fails to allege conduct by a municipal decisionmaker. Although the Wicks allege that Burd, Way and the judicial defendants have a responsibility to maintain and protect citizens' case files, they do not plead that the defendants had final authority to establish municipal policy and that they issued an official proclamation, policy or edict that resulted in the plaintiffs' injuries. Thus, we conclude that the plaintiffs' *allegata* are insufficient, and we will grant Lycoming County's motion to dismiss.

## IV. **Conclusion**

In light of the complaint's shortcomings, the court will grant the motions to dismiss without prejudice to plaintiffs filing an amended complaint within twenty-one (21) days to address the deficiencies described herein. If no amended complaint is filed, the court will issue an order dismissing the case with prejudice.

The Plaintiffs are advised that any amended complaint must stand on its own. It must be a completely new pleading that states all of their claims. Any amended complaint cannot be a supplement to their original one. In other words, the Plaintiffs must start over.

An appropriate order will issue.

/S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: February 2, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN A WICKS and : | |
| CAROLINE WICKS : | CIVIL ACTION NO. 1:09-CV-1084 |
| : | (Judge Conner) |
| Plaintiffs : | |
| : | |
| v. : | |
| : | |
| LYCOMING COUNTY, : | |
| JUDGE KENNETH D. BROWN : | |
| JUDGE DUDLEY N. ANDERSON, : | |
| WILLIAM BURD, : | |
| KEVIN WAY : | |
| : | |
| Defendants : | |

## ORDER

AND NOW, this 2nd day of February, 2010, upon consideration of defendants' motions to dismiss (docs. 10 & 13), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. Defendants motions to dismiss are granted, but plaintiffs are granted leave to file an amended complaint within twenty-one (21) days that address the deficiencies described in the court's memorandum.

2. If no such amended pleading is timely filed, this case will be dismissed with prejudice.

                                             /S/ Christopher C. Conner
                                           CHRISTOPHER C. CONNER
                                           United States District Judge