UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN A. WICKS, CAROLINE WICKS, WILLIAM BLAIR, and GEORGE BIDLESPACHER,<br>Plaintiffs<br><br>v.<br><br>DUDLEY ANDERSON, KENNETH BROWN, LYCOMING COUNTY, KEVIN WAY. WILLIAM BURD, and DANIEL MATHERS,<br>Defendants | NO.: 4:09-CV-01084<br><br>(JUDGE CONNER)<br>(MAGISTRATE JUDGE PRINCE) |

## **REPORT AND RECOMMENDATION**

Pursuant to an Order entered on December 28, 2010 (Doc. 58), Honorable Christopher C. Conner referred Daniel Mathers' motion to dismiss (Doc. 57) to the undersigned Magistrate Judge for the purpose of preparing a Report and Recommendation.

**I. Background**

The sole count of the amended complaint pertinent to the pending motion to dismiss is Count III, which alleges violations of plaintiff George Bidlespacher's First and Fourteenth Amendment rights by Mathers. Since much of the complaint's substance has already been considered by the Court in a previous Report and Recommendation (Doc. 47) and subsequent order adopting the Report and Recommendation (Doc. 54), the facts and procedural history as related below are somewhat duplicative of what was discussed in the earlier proceedings.

### (A) Facts of the case

Typically, in cases before a district court on a motion to dismiss, the well-pleaded facts in a plaintiff's complaint are taken as true and presented in a light most favorable to the plaintiff. However, Mathers attached fifteen exhibits to his brief in support of his motion to dismiss (Docs. 59-1 to 59-15), which raises the issue of whether the pending motion to dismiss should be converted into a motion for summary judgment. The most appropriate conclusion is that it should not be. In the Third Circuit, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citing *Cortec Indus., Inc. v. Sum Holding, L.P.*, 949 F.2d 42, 48 (2d Cir. 1991)). Mathers' fifteen exhibits are all court documents from the state-court action upon which Bidlespacher's claims are based, so Bidlespacher "obviously is on notice of the contents of the document[s]." *Id.* He implicitly acknowledges the authenticity of these documents in his brief opposing Mathers' motion to dismiss. (Doc. 62, at 4–5.) Accordingly, these exhibits detailing the state-court proceedings may be considered by the Court without converting the pending motion into one for summary judgment.

In light of the *Pension Benefit* rule, the facts as presented are taken from the complaint and taken as true to the extent that they are not contradicted by the Mathers' undisputedly authentic exhibits. Facts as relevant and necessary are drawn from the exhibits.

Plaintiff Bidlespacher, a landowner in Lycoming County, "awoke one day" at an unspecified point in time "to find that he was the subject of litigation by the owner of the adjacent parcel." (Doc. 32, at ¶¶ 47, 49.) The adjacent landowner sought a right-of-way across Bidlespacher's land. (*Id.* ¶¶ 48, 50.) Bidlespacher's case, filed April 4, 2007 (Doc. 59-1, at 1) was originally before Judge Nancy Butts, and Bidlespacher was satisfied with the way the case proceeded before her. (Doc. 32, at ¶ 50–51.)

After almost two years, Bidlespacher's case was transferred to Judge Anderson, on or by February 12, 2008. (Doc. 59-1, at 3.) The complaint states that it was Judge Anderson who chose Mathers to be the chairman of a Board of Viewers that was responsible for recommending a route for the sought-after right-of-way for the parcel of land adjoining Bidlespacher's. (Doc. 32, at ¶ 52.) However, court documents indicate that it was Judge Butts that appointed Mathers. (Doc. 59-5.)

The amended complaint filed on March 1, 2010, states that Judge Anderson "is refusing" over an unknown time frame "to even hear" the ten exceptions that Bidlespacher's attorney filed to Chairman Mathers' findings filed on September 5, 2008. (Doc. 32, ¶ 53.) However, court documents reveal that in an order signed September 25, 2008 (Doc. 59-8), Judge Anderson scheduled time for argument on Bidlespacher's objections on November 14, 2008. On December 1, 2008, Judge Anderson filed an opinion (Doc. 59-10) that referred to the November 14 argument having been heard and, over the course of the following four pages, discussed why Bidlespacher's exceptions were meritless. The opinion concluded with an order denying all the exceptions. (*Id.* at 4.)

### (B) Procedural history

Plaintiffs Steven A. Wicks and Caroline Wicks initiated this action by filing a complaint in federal court on June 8, 2009. (Doc. 1.) Two months passed with little activity in the case. On August 12, defendants Lycoming County and William Burd filed a motion to dismiss (Doc. 10); on August 18, defendants Judge Kenneth Brown, Judge Dudley Anderson, and Kevin Way filed a motion to dismiss as well (Doc. 13). After briefing from all parties (Docs. 11, 18, 20, 21), the Court granted both motions on February 2, 2010 (Doc. 27), dismissing the claims against all defendants. In the memorandum accompanying the order of dismissal, the Court noted that "any amended

complaint must stand on its own. It must be a completely new pleading that states all of [plaintiffs'] claims. Any amended complaint cannot be a supplement to their original one. In other words, the Plaintiffs must start over." (*Id.* at 11.)

The Wickses filed an amended complaint (Doc. 32) on March 1, 2010, which purported to add several new parties: William Blair and George Bidlespacher as plaintiffs and Daniel Mathers as a defendant. Plaintiffs neglected to file a motion for joinder of parties under Federal Rule of Civil Procedure 20, instead simply adding new names to the caption and body of the amended complaint. There was no indication that defendant Mathers was ever served with a copy of the summons or the complaint, nor did he make any voluntary appearance.

On March 12, defendants Burd and Lycoming County filed a motion to dismiss (Doc. 33); on March 18, Brown, Anderson, and Way filed another (Doc. 34). All defendants failed to meet the fourteen-day filing deadlines of Local Rule 7.5 for briefs in support of motions to dismiss. In late March and early April, the Court sua sponte granted extensions of time for filing while also ordering such briefs to be filed. (Docs. 35, 36.) Defendants did eventually file briefs in support (Docs. 37, 38) and plaintiffs filed briefs in opposition (Docs. 41, 42), although only the motion of March 12 had a related reply brief on the docket (Doc. 44).

On October 13, the undersigned Magistrate Judge filed a Report & Recommendation, which recommended granting defendants' motions to dismiss on all counts except Count III against Mathers. (Doc. 47.) On November 24, the Court issued an order (Doc. 54) adopting the Report & Recommendation over objections from the plaintiff (Doc. 50). The order required that plaintiffs effect Mathers—the only remaining defendant—with service within 30 days lest their complaint be dismissed. (Doc. 54, at 2.)

On October 29, Bidlespacher moved the Court to issue a summons to Mathers (Doc. 55), which the Court did. Mathers filed a motion to dismiss the complaint on

4

December 21, 2010. (Doc. 57.) A brief in support followed on January 4, 2011. (Doc. 59.) Following an extension of time to file, Bidlespacher docketed a brief in opposition on January 28. (Doc. 62.) Since Mathers has indicated through a letter from his attorney (Doc. 63) that he does not intend to file a reply brief, the pending motion is ripe for adjudication.

## II. Standard of Review

The court's task on a Rule 12(b)(6) motion to dismiss for failure to state a claim is to "determine whether, under any reasonable reading of the pleadings, the plaintiffs may be entitled to relief." *Langford v. City of Atlantic City*, 235 F.3d 845, 847 (3d Cir. 2000). In doing so, all factual allegations and all reasonable inferences drawn therefrom are assumed to be true. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). The court, however, need not accept as true a complaint's "bald assertions" or "legal conclusions." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997). Thus, a Rule 12(b)(6) motion does not serve to question a plaintiff's well-pleaded facts, but rather tests the legal foundation of the plaintiff's claims. *United States v. Marisol, Inc.*, 725 F. Supp. 833, 836 (M.D. Pa. 1989).

The Supreme Court recently abrogated its longstanding decision in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), which had held that a complaint may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." The Court retired this "no set of facts" language in favor of a new standard: a plaintiff's obligation to state a claim for relief under Rule 8(a)(2) "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As a result of *Twombly*, plaintiffs were required to nudge their claims "across the line from conceivable to plausible." *Id.* at 570. To state a claim that satisfies

5

Fed. R. Civ. P. 8(a)(2), which requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 555. "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (citing *Twombly*, 550 U.S. at 555 n.3). According to this standard, a court may dismiss a complaint if it fails to "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

Moreover, the Court's more recent decision in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), held that the pleading requirements of Rule 8 mark "a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Consequently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the complaint should be dismissed. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original).

**III. Discussion**

As mentioned above, the complaint now contains a single count: Count III, by Bidlespacher against Anderson, which alleges violations of Bidlespacher's First Amendment right to access the courts and his Fourteenth Amendment right to due process.

*(A) Access to the courts*

When considering the previous two rounds of motions to dismiss in this case, the Court has treated the plaintiffs' First Amendment access-to-courts claims as retaliation claims. (Doc. 27, at 5; Doc. 47, at 15.) With no reason to treat Bidlespacher's claim differently, the same approach will be used here.

A First Amendment retaliation claim requires a plaintiff to prove "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006) (citing *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)). A plaintiff pursuing an access-to-courts claim must also establish the "constitutional prerequisite" of actual injury. *Lewis v. Casey*, 518 U.S. 343, 351–52 (1996) (citing *Bounds v. Smith*, 430 U.S. 817, 821–25 (1977)). Actual injury may consist of "loss or rejection of a legal claim," for example, or hindrance of a plaintiff's "efforts to pursue" a claim. *Oliver v. Fauver*, 118 F.3d 175, 177–78 (3d Cir. 1997) (citing *Casey*, 518 U.S. at 351).

There is no doubt that bringing a claim of right before a federal court of the United States is a right that the Constitution protects. But Bidlespacher's ability to satisfy the elements of a prima facie case of First Amendment retaliation ends there. Undisputedly authentic court documents establish that Bidlespacher successfully filed exceptions to the Board of Viewers' findings, was granted the opportunity to present argument on the exceptions, and received a decision on the merits of his exceptions. That the decision was not in Bidlespacher's favor does not establish that he was retaliated against.

*(B) Due process*

The Fourteeenth Amendment prohibits state deprivations of life, liberty, or property without due process of law. *Robb v. City of Philadelphia*, 733 F.2d 286, 292 (3d Cir. 1984). The two-step analysis requires inquiring (1) whether the plaintiff's asserted interests are within the definition of "life, liberty, or property," and (2) whether the procedures afforded the plaintiff constituted due process of law. *Id.*; *accord Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). Bidlespacher adequately asserts an interest in his property—here, real estate—but he has asserted no deprivation of this interest; rather, the complaint and related court documents describe judicial proceedings concerning his asserted property rights that began in 2008 and continued at least through July 2010, with no evidence that the proceedings have resulted in a final order or that a right-of-way over Bidlespacher's property has actually been established. Not only is there no deprivation, but Bidlespacher has been afforded full process of law.

Because Bidlespacher has failed to make plausible any right to relief, it is recommended that the claims against Mathers be dismissed.

## IV. Conclusion

It is recommended, therefore, that defendant's motion to dismiss be GRANTED, and that plaintiffs' amended complaint be DISMISSED in its entirety.

s/ William T. Prince  
William T. Prince  
United States Magistrate Judge

January 28, 2011